FRENCH v. REEL ET AL.

1. **Fraudulent Conveyance**: SALE OF GOODS: PURCHASER'S KNOWL-
   EDGE OF FRAUDULENT INTENT. A purchase of goods from one
   approaching insolvency is good as against all the world except the cred-
   itors of the vendor, ánd good even as against them, unless it is made to
   appear that the vendor made the sale with an intent to defraud his
   creditors, and that the purchaser had knowledge of such intent.

2. **Verdict**: EVIDENCE TO SUPPORT: CREDIBILITY OF WITNESSES. Where
   plaintiff has testified to the facts necessary to justify a recovery by him,
   it cannot be said that a verdict for him is wholly without foundation in
   the evidence, on the ground that other proved circumstances render his
   statements incredible; for the question of credibility is one for the jury.

*Appeal from Pottawattamie District Court.*

FRIDAY, OCTOBER 29.

ACTION for damages alleged to have been sustained by tak-
ing and carrying away a stock of goods belonging to the
plaintiff. There was a trial to a jury, and verdict and judg-
ment were rendered for the plaintiff. The defendants appeal.

*Hart & Brewer*, for appellants.

*Galusha Parsons*, for appellee.

ADAMS, CH. J.—The defendant, Perry Reel, acting as
sheriff of Pottawattamie county, levied a writ of attachment
upon the goods in question in favor of Field,
Leiter & Co., who were creditors of Harter &
Claus, who had theretofore been doing business
as merchants in the city of Des Moines. The
plaintiff, French, had, some months previous, been in the
employ of Harter & Claus, and, without means of his own
to any great extent, had set up as a merchant at Avoca.
Nearly, if not quite, all of his original stock was furnished by
Harter & Claus, for which they took the plaintiff's note.

1. FRAUDU-
LENT convey-
ance: sale of
goods: pur-
chaser's
knowledge of
fraudulent in-
tent.

French v. Reel et al.

The circumstances under which he commenced business and obtained the stock of goods led Field, Leiter & Co., as creditors of Harter & Claus, to suspect that he was still acting as the employe of Harter & Claus in selling their goods; and, if not, that the sale to plaintiff by Harter & Claus was made to defraud their creditors, as the plaintiff knew. They accordingly caused the same to be attached, as above set forth. The appellants complain of three instructions given by the court, and contend, also, that the verdict is unsupported by the evidence.

The instructions complained of are very lengthy, and we cannot properly set them out. They hold, in substance, that the burden was upon the plaintiff to make out a *prima facie* case by showing a purchase of the goods by himself, and if the plaintiff showed such purchase it would be good as against all the world except the creditors of their vendors, and good even as against them, unless it was made to appear that their vendors made the sale with intent to hinder or defraud their creditors, and such intent was known to the plaintiff. Upon what ground specifically the defendants object to these instructions does not appear, either from the assignment of error or the argument of their counsel, and we are not able to see that any objection can properly be made.

The burden of the argument of the defendant's counsel is directed to the proposition that the verdict is not sustained by the evidence. They do not deny that there are many statements contained in the plaintiff's testimony tending to show a *bona fide* purchase of the goods by him, but they contend that the proven circumstances render his statement incredible. But this question of credibility was for the jury, and we cannot disturb their verdict unless it is so clearly unsustained that we should be justified in regarding it as the result of passion or prejudice. Now, looking at the evidence, the most that we can say is that we think that different minds might honestly

2. VERDICT: evidence to support: credibility of witnesses.

reach different conclusions. It would serve no useful pur-
pose to set out the evidence and discuss the circumstances
upon which the defendants rely to sustain their theory, and
we refrain from doing so. It is sufficient to say that we do
not think that the verdict can properly be set aside.

AFFIRMED.