SAMUEL WEINER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

June 25, 1900.

Nos. 12,052—(173).

**Street Railway—Injury to Passenger.**

   Upon an examination of the evidence in a personal injury action, it is *held* to have been sufficient to justify a verdict in plaintiff's favor.

**Verdict Excessive.**

   The verdict was for $350. *Held*, that the amount of damages so awarded was excessive.

Action in the district court for Hennepin county to recover $1,000 damages for personal injuries. The case was tried before Brooks, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed on conditions.

   *Koon, Whelan & Bennett*, for appellant.

   *Geo. R. Smith* and *Peterson & Kolliner*, for respondent.

COLLINS, J.

This is a personal injury action, in which the plaintiff had a verdict for $350, and defendant's appeal is from an order denying a new trial.

1. The issue of fact presented to the jury was very clear and simple. The plaintiff claimed that defendant's street car was started suddenly while he was in the act of stepping off; that he held to the hand rail, fearing to let go, and was finally thrown to the ground and injured. The defendant claimed that the accident was caused by the wrongful act of the plaintiff, in that, while the car was stopping that he might alight, he rung the bell himself, signaling the motorman to go ahead, and that the premature starting of the car was caused by this signal. The plaintiff's testimony supported his contention as to the manner in which the accident happened, while the testimony produced by the defendant was that of two or three witnesses who testified that the plaintiff himself

[1] Reported in 83 N. W. 181.

gave the go-ahead signal while in the act of stepping down from the car. There was also testimony tending to show that the plaintiff, when stating the facts in his case to the defendant's claim agent, admitted that he rung the bell. The jury found in favor of the plaintiff on the facts, and we are unable to see why the verdict on this point was not supported by the testimony.

This case is entirely different from those cited by defendant upon the claim that there was no evidence reasonably tending to support the verdict. Among these may be mentioned the case of Messenger v. St. Paul City Ry. Co., 77 Minn. 34, 79 N. W. 583. In that case the plaintiff's testimony as to the manner in which she was injured was so inherently unreasonable and improbable that we held it unworthy of credit. Here the plaintiff's version of the manner in which the accident occurred was not improbable or unreasonable, although we may concede that a number of witnesses testified directly against him.

2. Counsel for the defendant insist that the damages awarded are excessive, and in this we agree with them. No bones were broken, there were no sprains, nor were any muscles torn or ruptured, according to the testimony. The plaintiff was thrown down upon the street, and suffered some lacerations and contusions. His clothing was torn. He was not confined to his bed a moment, or kept from business a single day, on account of the accident. It happened in the evening, and he was on hand with his attorney at the office of the defendant's claim agent early the next morning, with a claim for damages. This claim was presented before he went to his own place of business. He did not call upon a physician until his claim had been rejected by the defendant, and there was no proof whatever of any permanent injury. We think the verdict excessive, and that it should be reduced.

It is therefore ordered that a new trial be granted unless the plaintiff file a written stipulation in the court below, within fifteen days after remittitur, consenting to the reduction of such verdict to the sum of $200. In such case judgment may thereupon be entered for said amount, with interest.