ANNA M. HELTZEN vs. UNION RAILROAD COMPANY.

PROVIDENCE—JANUARY 24, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Negligence.* *New Trial.*

A verdict for plaintiff supported by her testimony alone will be set aside where the accident of which she complained to be the victim was denied by the conductor, motorman, and passengers of the electric car, and plaintiff, although suffering severe injury as alleged, in no way attracted the attention of any other person to the fact that she was injured.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for new trial and granted.

DUBOIS, J. The plaintiff testified that she was riding as a passenger on the defendant's electric car in the forenoon of August 9, 1901; that she signalled the conductor to stop the car at the entrance to the Boston Store on Westminster street; that the car stopped there and she started to get out; that when she was about half out, with her left foot on the running-board of the car and her right foot nearly to the ground, the car suddenly started up in response to a signal from the conductor; that she grasped with her right hand a support on the seat in front of her seat, in order to prevent being thrown to the ground; that she was jerked violently back and forth, and struck her side against the support in front; that the strain on her hand was so great and the pain so severe that she had to let go, and somehow got to the ground upon her feet; that her thumb was badly hurt and her whole right arm very painful, and that she sustained severe and permanent injuries in consequence of the accident.

Although there were a number of passengers on the car, including a lady acquaintance of the plaintiff, who sat on the seat

beside her and alighted just before her at the Boston Store, the plaintiff was the only witness to testify concerning the accident. It has been held that a verdict for plaintiff will be sustained, if supported as to the main issue only by the plaintiff's own testimony, providing that is definite, consistent, and intrinsically reasonable. *Jones* v. *N. Y., N. H. & H. R. R. Co.*, 20 R. I. 210; *French* v. *Reel*, 70 Iowa, 122; *Leak* v. *Galloway*, 12 Ind. App. 700; *Hynes* v. *Met. St. Ry. Co.*, 64 N. Y. Supp. 382; *Wheeler* v. *Met. St. Ry. Co.*, 66 N. Y. Supp. 477; *Weiner* v. *Minneapolis St. Ry. Co.*, 80 Minn. 312.

It seems remarkable, not to say incredible, that the plaintiff could have been the victim of an accident at the time, place, and in the manner she described, which inflicted such severe and lasting injury upon her, without in some way, directly or indirectly, consciously or unconsciously, voluntarily or involuntarily, by act or outcry, word or deed, attracting the attention of one other person to the fact that she was injured. From the testimony it appears that nobody upon or in the vicinity of the car knew that anything of the sort was transpiring; but, on the contrary, the conductor, motorman, and such passengers as were called as witnesses positively deny it. In such circumstances we are unable to say that the verdict is sustained by the evidence.

The defendant excepted to the argument of the counsel for plaintiff, that she either was injured as she testified or was guilty of perjury in so testifying, because it was a matter concerning which she could not be mistaken.

We see no objection to this. The argument is both common and proper. Eminent judges have not hesitated to use it. It was employed by the late Chief Justice Ames in the case of *Atlantic De Laine Company* v. *Tredick, Stokes & Co., et al.*, 5 R. I. 171, at page 183, as follows: "In this, as well as in his other testimony with regard to the assent of Hill, Carpenter & Co. to this arrangement, he is confirmed by the testimony of Lea and of Hoyt, and with great minuteness and exactitude of statement by the former, so as to leave no refuge for him or for them against the guilt of perjury, if they have not sworn to the truth."

The defendant's petition for a new trial is granted and the case is remitted to the Common Pleas Division for further proceedings.

*Comstock & Gardner*, for plaintiff.

*Henry W. Hayes, Frank T. Easton, Lefferts S. Hoffman, and Alonzo R. Williams*, for defendant.